IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KENT WHITE,<br><br>*Plaintiff*,<br><br>v.<br><br>PEMBERTON TRUCK LINES INC.;<br>CHEROKEE INSURANCE<br>COMPANY; WILLIAM EDWARD<br>JOHNSON II; AND JOHN DOES 1-3<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO.: 3:17-cv-00080-TCB |

**PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE**

Plaintiff respectfully moves this Court for an Order instructing Defendant, all defense lawyers, and all defense witnesses not to make any statement, argument, attempt to elicit testimony, or introduce evidence concerning the matters set forth below.

**1. "Men and Women of Pemberton Truck Lines"**

Plaintiff respectfully asks that the Court exclude references by Defense counsel to "the men and women of Pemberton," "the men and women of Cherokee

Insurance Company," or words to that effect.

Defense counsel do not represent, and Plaintiff has not sued, the employees, owners, or "men and women of" Pemberton or Cherokee. Plaintiff has sued the corporate entities. There is a difference. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 805 n.16 (1987) ("A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity"); *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 421 (5th Cir. 1980) ("A corporation is a legal entity existing separate and distinct from its shareholders, officers, and directors, who as a general rule are not liable for the corporation's debts and obligations."). Defense counsel should not be able to seek sympathy by claiming to represent, or make arguments on behalf of, "the men and women of" the Defendant companies.

### 2. Effect of Verdict

Plaintiff respectfully asks that the Court exclude arguments or evidence about the possible effect of a verdict in Plaintiff's favor. Such arguments are irrelevant—the jury's task is to return a verdict that compensates Mr. White for his

injuries (if the jury finds Defendants liable), regardless of the consequences of such a verdict. As the Georgia Supreme Court has emblazoned in its courtroom, *fiat Justitia ruat caelum* ("let justice be done though the heavens may fall"). Even if such an argument had any relevance, it should nonetheless be excluded under Federal Rule of Evidence 403.

For example, Defendants should not be able to introduce evidence about the supposed effects of a Plaintiff's verdict on Defendants. *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1036-38 (N.D. Ill. 2000) ("[E]vidence or argument that explicitly states that a judgment in favor of plaintiff would financially harm the defendant is inadmissible."). Nor should Defendants be able to introduce evidence about the supposed effects on the trucking industry, insurance industry, or other effects that could touch consumers. *Allstate Ins. Co. v. James*, 845 F.2d 315, 318-19 (11th Cir. 1988) (remarks to the effect that high verdicts contributed to rising insurance premiums were "highly inflammatory and tailored to the appeal to the listener's self interest").

### 3. Plaintiff's Criminal or Arrest History

More than ten years ago, between 1999 and 2005, Plaintiff pled guilty to

some criminal offenses relating to marijuana, theft, and fighting. Defendant should not be allowed to introduce evidence or make arguments about Plaintiff's criminal history because that history is irrelevant and does not meet the requirements of Federal Rules of Evidence 404 or 608. Even if such an argument had any relevance, it should be excluded under Federal Rule of Evidence 403.

### 4. Collateral Source Rule

Plaintiff respectfully asks that the Court exclude collateral source benefits or payments to Plaintiff. Such evidence or argument is inadmissible under the collateral source rule. Even if such an argument had any relevance, it should be excluded under Federal Rule of Evidence 403.

"In tort cases, Georgia's collateral source rule prevents the reduction of a party's liability by payments or benefits that the injured party received from collateral sources." *Westchester Specialty Ins. Services, Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512 n.13 (11th Cir. 1997). Inadmissible collateral source payments include payments from insurance, employers, worker's compensation, Medicare, Medicaid, or any other source. "The 'collateral source rule' refers generally to tort cases in which the plaintiff may receive benefits from collateral

sources e. g. insurance, his employer, or other source, which lessens [Plaintiff's] financial loss but will not diminish the damages otherwise recoverable from the wrongdoer." *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380, 383, 277 S.E.2d 753, 756 (1981); *see Parker v. Wideman*, 380 F.2d 433, 435-36 (5th Cir. 1967) (state law controls with regard to collateral source rule).  Because collateral source evidence is inadmissible in Georgia, the Court should exclude it.  *Mallette v. Nash*, No. 4:10-CV-13 CDL, 2011 WL 720201, at *3 (M.D. Ga. Feb. 22, 2011) (granting similar motion in limine).

5. **"Frivolous Lawsuits," "Litigious Society," "Jackpot Justice," and Similar Phrases**

Plaintiff respectfully asks that the Court prohibit mention of, or argument regarding, "frivolous lawsuits," a "litigious society," "jackpot justice," or other similar phrases (*except* during voir dire, when mentioning them would be permissible).  Such phrases are irrelevant under Rule 401 and unfairly prejudicial under Rule 403.  *Crawford v. Muscletech Research & Dev., Inc.*, No. CIV-01-1298-C, 2002 WL 31852848, at *1 (W.D. Okla. Oct. 10, 2002) ("Accordingly, Plaintiffs' Motion in Limine to Exclude Any Reference to America Being a

Litigious Society or Reference to Frivolous Lawsuits is GRANTED."); *accord*

*Walker ex rel. his Court Appointed Curator v. United Healthcare of Hardin, Inc.*,

No. 3:07CV-00067-JHM, 2010 WL 3092648, at *7 (W.D. Ky. Aug. 6, 2010).

This 23rd day of January, 2018.

                                      Respectfully submitted,

                                      BUTLER TOBIN LLC

                                      BY:  */s/ J.E. Butler III*
                                            JAMES E. BUTLER III
                                              Georgia Bar No. 116955
                                           DARREN M. TOBIN
                                              Georgia Bar No. 200383

1932 N. Druid Hills Rd. NE
Suite 250
Atlanta, Georgia 30319
jeb@butlertobin.com
darren@butlertobin.com
(t) 404 587 8423
(f) 404 581 5877

                                        **ATTORNEYS FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| KENT WHITE,<br><br>*Plaintiff*,<br><br>v.<br><br>PEMBERTON TRUCK LINES INC.; CHEROKEE INSURANCE COMPANY; WILLIAM EDWARD JOHNSON II; AND JOHN DOES 1-3<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO.: 3:17-cv-00080-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that foregoing was served upon all parties electronically using the CM/ECF system and depositing it in the U.S. Mail with adequate postage affixed thereon and addressed as follows:

Kathleen M. Hurley<br>
CRUSER, MITCHELL, NOVITZ,<br>
SANCHES, GASTON, & ZIMET, LLP<br>
Meridian II, Suite 2000<br>
275 Scientific Drive<br>
Norcross, GA 30092

This 23rd day of January, 2018.

                              Respectfully submitted,

                              BUTLER TOBIN LLC

                              BY: */s/ J.E. Butler III*
                                    JAMES E. BUTLER III
                                       Georgia Bar No. 116955
                                  DARREN M. TOBIN
                                       Georgia Bar No. 200383

1932 N. Druid Hills Rd. NE
Suite 250
Atlanta, Georgia 30319
jeb@butlertobin.com
darren@butlertobin.com
(t) 404 587 8423
(f) 404 581 5877                    **ATTORNEYS FOR THE PLAINTIFF**